IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

P&M/MERCURY MECHANICAL )
CORPORATION, an Illinois )
corporation, )
 )
 )
Plaintiff, )
 )
v. ) No. 06 C 4126
 )
WEST BEND MUTUAL INSURANCE )
COMPANY, a foreign insurance )
company )
 )
Defendant. )

## MEMORANDUM OPINION AND ORDER

Before me is a motion brought by defendant West Bend Mutual Insurance Company ("West Bend") to dismiss Count III of plaintiff P&M/Mercury Mechanical Corporation's ("P&M") first amended complaint (the "complaint"). P&M's complaint alleges that West Bend issued P&M a general liability policy (the "policy"). The policy provided insurance coverage for property damage to third parties relating to P&M's work as a subcontractor on a hospital project in Chicago. During the work, one of P&M's employees purportedly broke a water line at the hospital, causing property damage to the hospital's fire alarm system. The hospital contended that this damage was approximately $120,000. West Bend hired a consultant to investigate the damage. The consultant issued a report, which West Bend adopted, concluding that damage did occur but that its value was lower than what the hospital claimed,

although the copy of the report attached to the complaint does not place a dollar value on the damage.[1] West Bend subsequently made a settlement offer of $9,000 to the hospital, which the hospital refused. P&M contends that West Bend unreasonably refused to negotiate with the hospital in settling the claim. The hospital instead replaced the fire alarm system on its own and issued a backcharge to its contract with the general contractor, who in turn withheld the cost of the fire alarm system (approximately $120,000) from P&M.

P&M's complaint seeks a declaratory judgment that West Bend is obligated under its policy to resolve the hospital's claim in full (Count I); alleges that West Bend breached its contract with P&M by failing to resolve the hospital's claim (Count II); and claims that West Bend's acts and omissions in failing to resolve the hospital's claim have been "vexatious and unreasonable" and that West Bend has acted in bad faith so that P&M is entitled to damages, attorneys' fees and costs under 215 ILL. COMP. STAT. ANN. 5/155 (2006) (Count III). West Bend has moved to dismiss Count III under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which

---

[1] The report concluded that "[t]here was no evidence that indicated that moisture had intruded into the fire alarm system conduit" although it did state that one smoke detector had oxidation on the electrical contacts, stains were visible on pipe insulation and ductwork above the ceiling stile, and some steel hardware supporting the ductwork was oxidized.

relief can be granted. For the following reasons, I deny the motion.

I.

In assessing West Bend's motions to dismiss, I must accept all well-pled facts in P&M's complaint as true. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). I must view the allegations in the light most favorable to P&M. *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Dismissal of Count III is proper only if P&M can prove no set of facts to support that count. *First Ins. Funding Corp. v. Fed. Ins. Co.*, 284 F.3d 799, 804 (7th Cir. 2002). My review is limited to the pleadings on file, so I must exclude from my analysis any factual assertions either party made in their papers related to the motion to dismiss. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996). Written instruments attached to the complaint are considered to be part of the complaint. *See Moranski v. Gen. Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005). Here, P&M has attached several documents to its complaint, including a copy of the policy at issue as well as a copy of the report issued by West Bend's consultant, so I may consider these documents in ruling on West Bend's motion to dismiss.

3

II.

West Bend argues in its motion to dismiss that under the facts alleged in P&M's complaint, the terms of the policy, and the consultant's report, P&M cannot show that West Bend's refusal to resolve the hospital's claim constitutes vexatious and unreasonable conduct. P&M responds that West Bend's argument is an affirmative defense that cannot support a motion to dismiss, and that P&M has nevertheless stated a claim for bad faith. While I conclude that West Bend is not asserting an affirmative defense, I do find that P&M has stated a claim.

Section 155 of the Illinois Insurance Code, codified as 215 ILL. COMP. STAT. ANN. 5/155 ("Section 155"), provides:

> In any action by or against a company wherein there is in issue the liability of a company on a policy . . . of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees, other costs, plus an amount not to exceed any one of the following amounts:
>
> (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;
>
> (b) $60,000;
>
> (c) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

4

215 ILL. COMP. STAT. ANN. 5/155(1). This provision allows a party to recover attorneys' fees, other costs and sanctions where an insurer has unreasonably delayed in settling a claim and where that delay is "vexatious and unreasonable." *Id.* This is precisely what P&M has alleged West Bend did. The Seventh Circuit has held that an insurer's conduct is vexatious and unreasonable when "the evidence shows that the insurer's behavior was willful and without reasonable cause." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (internal citation omitted). An insurer does not act vexatiously and unreasonably when (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law. *Id.* (internal citations omitted). The Illinois Supreme Court has also emphasized that where there is a "*bona fide* dispute concerning coverage," costs and sanctions are inappropriate. *See State Farm Mut. Auto. Ins. Co. v. Smith*, 197 Ill.2d 369, 380, 259 Ill. Dec. 18, 24, 757 N.E.2d 881, 887 (2001) (emphasis in original).

West Bend contends that the complaint and the consultant's report and policy, both attached to the complaint, demonstrate that West Bend refused to resolve the hospital's claim because it had a

5

*bona fide* dispute concerning whether the damage to the fire alarm system was covered under the policy. P&M argues that whether West Bend had a "*bona fide* dispute" is an affirmative defense that is not appropriate for disposition on a motion to dismiss. However, P&M has cited no precedent that this is an affirmative defense, and the Seventh Circuit's opinion in *Citizens First Nat'l Bank* does not support this argument. *See* 200 F.3d at 1110. Whether an insurer had a *bona fide* coverage dispute with an insured shows whether the insurer acted unreasonably or vexatiously; this showing goes to the merits of the claim and is not a separate affirmative defense.

Regardless of whether this is an affirmative defense, P&M's complaint does state a claim for bad faith. P&M alleges that West Bend had a duty to pay the claim, that it breached this duty by failing to settle the claim, and that its acts and omissions were vexatious and unreasonable. Despite West Bend's arguments, the report from West Bend's consultant attached to the complaint does not conclusively establish that West Bend had a *bona fide* dispute. Although this report does, as West Bend argues, contest the hospital's conclusion that it needed a new fire alarm system, this does not prove that West Bend's delay was not vexatious and unreasonable. *See, e.g., Butler v. Econ. Fire & Cas. Co.*, 199 Ill. App.3d 1015, 1023-24, 146 Ill. Dec. 94, 100, 557 N.E.2d 1281, 1287 (Ill. App. Ct. 1990). P&M alleges that, following the issuance of the report, West Bend unreasonably refused to make any efforts to

6

resolve the matter with the hospital, so the allegations that West Bend prepared a report, investigated the claim, and made a settlement offer to the hospital does not conclusively show that it had a *bona fide* dispute or that it was not unreasonable in ultimately failing to settle the claim. Further, whether the report is accurate and whether it was the sole information that West Bend relied upon in not resolving the hospital's claim are also questions that cannot be decided on a motion to dismiss.[2]

West Bend further contends that its conduct is not vexatious and unreasonable because its denial was based on the wording of the policy, and "denials based on a policy's express wording are inappropriate for invoking [Section 155]." *See Scudella*, 174 Ill. App.3d at 253, 123 Ill. Dec. at 677-78, 528 N.E.2d at 222-23;

---

[2] West Bend cites two cases that demonstrate that, under certain circumstances, claims for attorneys' fees can be resolved at the motion to dismiss stage. *See First Magnus Fin. Corp. v. Dobrowski*, 387 F. Supp.2d 786 (N.D. Ill. 2005); *Minutemen Int'l, Inc. v. Great Am. Ins. Co.*, No. 03 C 6067, 2004 WL 603482 (N.D. Ill. Mar. 22, 2004). However, in both of these cases the court concluded that the facts as alleged in the complaint precluded a finding that the defendant unreasonably delayed in resolving the claim at issue. *See First Magnus Fin. Corp.*, 387 F. Supp.2d at 793 (finding no unreasonable delay because complaint's allegations about the amount of time the insurer had notice of the claim were inconsistent with a delay); *Minutemen Int'l*, 2004 WL 603482, at *9 (finding, where complaint alleged that the insurer did not cover costs of an SEC investigation because that investigation was not a "claim" under the policy that the insurer had a duty to defend, this position was not unreasonable under the language of the policy and therefore the insurer's conduct was not vexatious or unreasonable). Here, the facts as alleged in the complaint do not preclude a finding that West Bend's delay was vexatious and unreasonable.

*Butler*, 199 Ill. App.3d at 1023, 146 Ill. Dec. at 100, 557 N.E.2d at 1287. West Bend cites the language of its policy defining "property damage" and argues that its denial was based on this definition.[3] However, whether this is true, P&M has not alleged, nor do the documents attached to the complaint establish, that West Bend's denial was based on the wording of the policy. Further, West Bend's argument is that it concluded that the fire alarm system was not physically injured to the extent claimed by the hospital and that there was no loss of use of the fire alarm system, so that the hospital had not suffered the extent of "property damage" it claimed under the policy. Whether West Bend reasonably concluded this, and whether it reasonably delayed resolution of the claim, cannot be decided on a motion to dismiss.[4]

---

[3] The policy defines property damage as "physical injury to tangible property" or "loss of use of tangible property." There is no real evidence that the parties dispute the meaning of this definition, but rather that they dispute the extent of injury to the property and the extent of the loss of its use.

[4] In its response, West Bend also argues that even though P&M alleges that West Bend denied coverage and that this denial was vexatious and unreasonable, it does not "suggest how that denial could be unreasonable and vexatious conduct as required to state a claim." However, under federal notice pleadings standards, P&M is not required to do so. *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 863 (7th Cir. 2002) (holding federal notice pleading requirements apply to state law claims brought in federal court pursuant to diversity suits). P&M has not pled facts that, if true, would conclusively establish that West Bend's conduct was not vexatious or unreasonable, so its claim survives West Bend's motion to dismiss.

III.

For the above reasons, West Bend's motion to dismiss is denied.

**ENTER ORDER:**

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: November 30, 2006